RECEIVED
DEC 19 2011
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT
## AUSTIN, TEXAS

FILED
2011 AUG 15  AM 9: 14
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

JIM D FEAGIN
Plaintiff

Vs

**A11 CA 702 LY**

Civil Action _____

DEPUTY MARK CRUISE
   AND
SHERIFF GREG HAMILTON
Defendants

Individual & Official Capacities

### 1983 CIVIL RIGHTS COMPLAINT

### PARTIES

1. Plaintiff, Jim Feagin is a prisoner who, at one time relevant to this complaint was an informant for the Travis County Sheriff's Office and was incarcerated at the Del Valle United States Penitentiary and Victorville, California.

2. Defendant Sheriff Hamilton operates the Travis County Sheriff's Office located at P. O. 1748, Austin, Texas.

3. Defendant Mark Cruise is employed as a Deputy Sheriff for the Travis County Sheriff's Office.

1

Case 1:11-cv-00702-LY-AWA   Document 1   Filed 08/15/11   Page 2 of 5

## JURISDICTION AND VENUE

4.   This action is filed pursuant to U. S. C. 1983 seeking redress of injuries suffered by Mr. Feagin for deprivation under color of Texas Law of Rights secured by the First, Eighth and Fourteenth Amendment to the United States Constitution. Accordingly, this court has jurisdiction over this action under 28 U. S. C. 1331 and 1343 (a) (3).

5.   Venue is proper within this district pursuant to 28 U. S. C. 1391 because the main asserted claim for relief arose in this district.

## STATEMENT OF CLAIM

### GROUND ONE

On or about September 17, 2008 Plaintiff Jim Feagin notified Deputy Charlie Neal, whom he worked for as an informant for the Travis County Sheriff's Office vice unit that Deputy Mark Cruise, a colleague in that office had told an individual identified as Linda Hartner that her son Matthew Hartner might want to watch it because Jimmy Feagin gives information to the police. See Exhibit 1 and 2 whereby on or about October 17, 2008. While plaintiff was incarcerated at the Del Valle Correctional Complex, Plaintiff was confronted by three inmates that Plaintiff had never seen before, and was told by one of them that he knew Plaintiff was a snitching rat for the Travis County Sheriff's Office

2

Case 1:11-cv-00702-LY-AWA   Document 1   Filed 08/15/11   Page 3 of 5

because Deputy Cruise had recently told him.  It should be noted that under the Travis County Sheriff's official state Code of Ethics, Deputy Mark Cruise took an oath as to whatever he sees or hears of a confidential nature or what is confided in him in his official capacity will be kept ever secret.  See Exhibit 3. On or about November 26, 2008. Deputy Mark Cruise admitted making these remarks to Linda Hartner and Cruise was found guilty of Unbecoming Conduct.  See Exhibit 5.  Because of Deputy Cruise's remarks, Plaintiff has had to live in constant fear for his life, having been attacked on four separate occasions from unknown and known individuals, including having shots fired into his home at 9203 Claxton Drive, Austin, Texas and being called an informant. Whereby, during the third week of October, 2008, Sheriff Hamilton of the Travis County Sheriff's office knowingly and intentionally told a Ms. Barton, a citizen who had no official status with the Travis County Sheriff's office that Plaintiff was indeed an informant for the Travis County Sheriff's Office.  See Exhibit 4.  Sheriff Hamilton made these statements during a meeting with two women who had no need to know and while plaintiff was still incarcerated at the Del Valle Correctional complex for possession of a gun which he brought to protect himself.

On or about July of 2009, Plaintiff was committed to the US. Penitentiary at Victorville, California.  And where some two weeks after plaintiff's arrival at Victorville,  plaintiff was stabbed and kicked in the mouth and the ribs, causing the jaw to break in two places and received a concussion to his head by a member of the Aryan Brotherhood Gang who stated to Plaintiff,  word follows you snitch. You can't hide. We knew about you weeks before you got here. The sheriff and deputy said you were a rat.  Plaintiff was later told

by an inmate in the Segregation unit, that there were inmates from the Austin, Texas area

who knew about the statements made by Sheriff Hamilton and Deputy Mark Cruise and

had spread the word on Plaintiff.  See Exhibit 7.

## GROUND TWO

On information and belief the Travis County Sheriff's Office failed to properly train its

employees, such Deputy Mark Cruise and Sheriff Hamilton in the area of Prisoner's

constitutional   rights to be free from harm by not labeling him an informant.   On

information and belief, it was customary for the Travis County Sheriff's Office to ignore

complaints about Deputy Mark Cruise's bad conduct.   He had a detailed history in

showing an inability to change his behavior following twelve disciplinary actions taken

against him.  See Exhibit 5.

## PRAYER FOR JUDGMENT AND RELIEF

Wherefore, Jim Feagin requests that this court enter a judgment in his favor and against

Sheriff Hamilton and Deputy Mark Cruise, including:

1.  A judgment declaring the Defendant's practices, acts and omission as described

    herein violate Mr. Feagin's rights as guaranteed by the Eighth Amendment, First

    and Fourteenth Amendments to the Constitution of the United States;

2.  An award of  $3,500,000 in actual and/or punitive damages.

4

3. An award of court costs and attorney's fees; and

4. A judgment for any and all other such relief as this court deems just and appropriate under the circumstances

_____

August 15, 2011                              Jim D. Feagin

I declare under penalty of perjury that the foregoing is true and correct.

August 15, 2011                              Jim D. Feagin

5

2011 DEC -5   AM 10: 22

Case 1:ll-CV-00702                    Filed _____          Page 1 of 8

BY_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

Jim D. Feagin #18421-280
    Plaintiff

      V                                              A-11-CA-702-LY

Deputy Mark Cruise and
Sheriff Greg Hamilton
    Defendants

## JIM D. FEAGIN FIRST AMENDED COMPLAINT

Plaintiff, Jim D. Feagin, hereby alleges as follows:

## PARTIES

1. Plaintiff, Jim D. Feagin, is a prisoner who at times relevant to this complaint, was an informant for the Travis County Sheriff's Office and imprisoned at the U. S. Penitentiary at Victorville, California.

2. Defendant, Travis County Sheriff's Office at all times relevant to this complaint, operated the Travis County Sheriff's Office and patrol division. Defendant, Mark Cruise was employed as a Deputy Sheriff in the patrol division at all times relevant to this complaint, at the Travis County Sheriff's Office.

Page 2 of 8

3. Defendant, Greg Hamilton at all times relevant to this complaint was employed as Sheriff of the Travis County Sheriff's Office.

## JURISDICTION AND VENUE

4. This action is filed to 42 U.S.C 1983 redress of injuries suffered by Jim D. Feagin for deprivation of rights secured by the Eighth Amendment to the United States Constitution under color of Texas Law. Accordingly this court has jurisdiction over this action under 28 U. S. C. 1331 and 1343 (G) (3).

5. Venue is proper within this district pursuant to 28 U. S. C. 1391, because each of the asserted claims for relief arose in this district.

## BACKGROUND

Incidents in September and October of 2008:

6. On or about September 17, 2008, Plaintiff notified Deputy Charlie Neal, whom he worked for as an informant for the Travis County Sheriff's Office vice unit, that Deputy Mark Cruise, a colleague assigned to the patrol division at the Travis County Sheriff's Office, told an individual identified as Linda Hartner, that her son, Matthew

Page 3 of 8

Hartner might want to watch it because Jimmy Feagin "(Jim D. Feagin)" gives

information to the police.  See original complaint exhibit 1 and 2.

7. Deputy Cruise further told Linda Hartner that Jimmy "(Jim D. Feagin)" provided the

   Sheriff's Office with valuable information leading to the solving of some cases and

   arrests.  See exhibit 1 attached hereto.

8. Whereby on or about October 17, 2008 while plaintiff was incarcerated at the Del

   Valle Correctional Complex, plaintiff was confronted by three inmates whom

   plaintiff had never seen before, and was told by one of the that he knew plaintiff was

   a snitching rat for the Travis Sheriff's Office because Deputy Cruise had recently told

   him and

9. On or about October of 2008, while plaintiff was still detained at the Del Valle

   Correctional Complex for possession of a shotgun, Sheriff Greg Hamilton of the

   Travis County Sheriff's office knowingly and intentionally told a Ms. Barton, a

   citizen who was also a nearby neighbor of plaintiff's and who had no official status

   with the Sheriff's office that plaintiff was indeed an informant for the Travis County

   Sheriff's Office.

10. It should be noted that plaintiff did not become aware of this information until he appeared at his re-arraignment and plea hearing on February 17, 2009, while plaintiff was in confinement at the Guadalupe County Federal Detention Center in Seguin, Texas.  See exhibits 7 and 8.

11. Plaintiff has remained imprisoned with out Bond and under sentence of imprisonment since this incident occurred.  See exhibit 9.

12. It should also be noted that under the Travis County Sheriff's state Code of Ethics, Deputy Mark Cruise and Sheriff Greg Hamilton took an oath as to whatever they see or hear of a confidential nature or what is confided in them in their official capacity will be kept ever secret.  See original complaint.

13. Plaintiff also wishes to point out that in his original complaint, plaintiff mistakenly alleged that he was almost run over by an individual driving a truck in 2008.  This incident had no connection to this complaint because it occurred in 2007.  A report of this incident was filed with the Travis County Sheriff's Office.

14.  On or about September 29, 2008 someone shot at Plaintiff's front door and knocked out the glass.

15. In July of 2009, Plaintiff was committed to the U. S. Penitentiary at Victorville, California.  Some two weeks later, after plaintiff's arrival at Victorville, Plaintiff was stabbed and kicked in the mouth and the ribs, causing his jaw to break in two places and Plaintiff also received a concussion to his head by a member of the Aryan Brotherhood prison gang.  The gang-member stated to Plaintiff – Word follows you snitch.  You cannot hide.  We knew about you weeks before you got here.  The Sheriff and the Deputy said you were a rat.

## PRAYER FOR JUDGMENT AND RELIEF

Wherefore, Jim D. Feagin requests that this court enter a judgment in his favor and against Sheriff Hamilton and Deputy Mark Cruise, including:

1.  A judgment declaring the Defendant's practices, acts and omission as described herein violate Mr. Feagin's rights as guaranteed by the Eighth Amendment, First and Fourteenth Amendments to the Constitution of the United States;

2.  An award of $3,500,000.00 in actual and/or punitive damages.

3.  An award of court costs and attorney's fees; and

4.  A judgment for any and all other such relief as this court deems just and appropriate under the circumstances.

December 6, 2011

_Jim D. Feagin_

Jim D. Feagin, by wife and POA

I declare under penalty of perjury that the foregoing is true and correct.

_Jim D. Feagin_

Jim D. Feagin

By wife and Power of Attorney, Phyllis Feagin

16. Plaintiff was later told by an inmate in the segregation unit at Victorville, California

that there were inmates from the Austin, Texas area who knew about the statements

made by the Sheriff Hamilton and Deputy Cruise and had spread the word on

Plaintiff. See exhibit 7 in original complaint. It also should be noted that prior to and

at all times relevant to this complaint, Plaintiff was a chronic alcoholic who had to

receive emergency treatment on a number of occasions due to memory loss and

confusion as a result of alcohol abuse, an uncontrollable illness which he has suffered

from for years. Plaintiff would consume large doses of alcohol which often left him

unconscious daily. See exhibits 2 and 6, attached hereto. This left plaintiff incapable

of making rational decisions which prevented him from filing this complaint.

### TRAVIS COUNTY SHERIFF'S OFFICE FAILURE TO PROPERLY TRAIN ITS EMPLOYEES IN THE AREA OF INDIVIDUAL AND PRISONER RIGHTS TO BE FREE FROM HARM.

On information and belief, Travis County Sheriff's failed to properly train its employees

such as Sheriff Greg Hamilton and Deputy Mark Cruise in the area of individual and

prisoner rights to be kept free from harm.

It is upon information and belief, the TCSO customarily ignored the behavior of Deputy

Cruise. He has numerous verbal, and documented corrective and disciplinary actions

beginning in 1994, and continuing almost annually through 2008.

Page 6 of  8

## JIM D. FEAGIN'S GRIEVANCES

In September of 2008, Plaintiff's wife on behalf of plaintiff filed a complaint with the

Travis County Sheriff's Office INTERNAL AFFAIRS UNIT.  The allegation was

investigated and Defendant (Mark Cruise) was charged and convicted of unbecoming

conduct.  See Exhibits B-6 and B-9.

## LABELING JIM D. FEAGIN AS AN INFORMANT

Prior to the events set forth in this first amended complaint, Jim D. Feagin worked as a

confidential informant for the Travis County Sheriff Department vice unit.  It was Deputy

Cruise who referred Jim D. Feagin to Sr. Deputy Charlie Neal to work as an informant

for the Travis County Sheriff's Department.  See exhibit B-3;


It is upon information and belief that Deputy Mark Cruise knowingly and intentionally

labeled Jim D. Feagin as an informant.  No officer regardless of his tenure would think it

was permissible to jeopardize the safety of an informant in this manner.  Labeling Jim D.

Feagin as an informant placed Mr. Feagin in grave physical danger because other citizens

and inmates view "informants" in a negative light and *often* ~~other~~ harass and intimidate that

"informant" which can lead to physical altercations.  Upon information and belief, Sheriff

Hamilton and Deputy Cruise were aware of the consequences of labeling Mr. Feagin an

"informant."

Case 1:11-cv-00702-LY-AWA   Document 1-4   Filed 08/15/11   Page 13 of 22
Case 1:11-cv-00702-LY-AWA   Document 17   Filed 12/06/11   Page 7 of 16

Page 7 of 8

### ASSAULT ON JIM D. FEAGIN

On or about July of 2009, Mr. Feagin was transferred and committed to the U. S.

Penitentiary at Victorville, California.  Where some two weeks after his arrival at

Victorville, he was stabbed and kicked in the mouth and the ribs, causing his jaw to break

in two places and he also received a concussion to his head by a member of the Aryan

Brotherhood Gang.  The Gang member also accused Mr. Feagin of being a snitch based

on remarks made by Sheriff Greg Hamilton and Deputy Cruise which followed Mr.

Feagin or reached the U. S. Penitentiary ahead of Mr. Feagin.

### TCSO'S FAILURE TO PROTECT MR FEAGIN

On information and belief, it was common for TCSO employees such as Deputy Cruise

and Sheriff Hamilton to violate their own **rules of conduct** and **Code of Ethics**.

Deputy Mark Cruise has historically shown a lack of good judgement and the inability to

change his behavior.  He had twelve disciplinary actions taken against him since 1994.

Mr. Feagin has continued to experience problems ever since Sheriff Hamilton and

Deputy Cruise labeled him as an informant.  Mr. Feagin's health and safety are constantly

in jeopardy due to Sheriff Greg Hamilton and Deputy Cruise's conduct.  As a result of

Sheriff Hamilton and Deputy Cruise labeling Mr. Feagin as an informant and the

resulting likelihood of harm to Mr. Feagin, Mr. Feagin has been placed in Protective

Custody.  Mr. Feagin cannot be placed in the general population and is subjected to a life

of solitude in protective custody.

Page 8 of 8

## PRAYER FOR JUDGMENT AND RELIEF

Wherefore, Jim D. Feagin requests that this court enter a judgment in his favor and

against Sheriff Hamilton and Deputy Mark Cruise, including:

1. A judgment declaring the Defendant's practices, acts and omission as described

   herein violate Mr. Feagin's rights as guaranteed by the Eighth Amendment, First

   and Fourteenth Amendments to the Constitution of the United States;

2. An award of  $3,500,000.00 in actual and/or punitive damages.

3. An award of court costs and attorney's fees; and

4. A judgment for any and all other such relief as this court deems just and

   appropriate under the circumstances.

December 6, 2011

Jim D. Feagin, _____

I declare under penalty of perjury that the foregoing is true and correct.

Jim D. Feagin

By _____ Feagin

On **October 24, 2008,** I prepared the Internal Affairs interview contact letter for Cruise. The letter was sent to Cruise via enter-office mail.

On **November 14, 2008,** Cruise came into the Internal Affairs office for his scheduled interview. The interview with Cruise was digitally recorded and burnt to a CD. Cruise was presented with the Garrity Warning which he read and signed. Cruise had no questions about the Garrity Warning.

Cruise was sworn in prior to his interview. Cruise was asked to talk about the incident involving Linda Heartner and her son Matt Heartner. Cruise advised that he knows both Linda and Matt Heartner from dealing with them on calls for service. Cruise was asked if he knew Phyllis and Jimmy Feagan. Cruise said that also knew them from calls for service.

I explained to Cruise that Phyllis Feagan expressed her concerns about information that he (Cruise) provided to Linda and Matt Heartner reference Jimmy Feagan being an informant for Charlie Neal. Cruise was asked to explain how this happened.

Cruise said that he had gone to a disturbance call at Linda's residence and that the disturbance involved Matt. Cruise said that he has been dealing with Matt since he was about 15 years old. Cruise said that Matt is emotional disturbed. Cruise said that he was talking with Linda and told her that he had seen Matt at Jimmy's residence a few weeks prior.

Cruise said that he told Linda that when he was at Jimmy's residence he saw Matt there with Jimmy. Cruise said he **"goofed up"** and told Linda that Jimmy had been providing the Sheriff's Office with valuable information leading to the solving of some cases and arrests. Cruise was asked when this incident occurred. Cruise said it was mid September, 2008.

I explained to Cruise that Captain Clair was concerned about the information that was provided to Linda Heartner about Jimmy Feagan being an informant. Cruise said **"I know it's a violation of policy".** Cruise said that he understood the mistake he made by saying what he said to Linda Heartner.

Cruise was asked why he told Linda about Jimmy's being an informant. Cruise said **"I just got diarrhea of the mouth and went off without thinking".** Cruise said that he accepts all responsibility and that it was his mistake. Cruise said that he spoke to Charlie Neal about this incident and he apologized to him for the incident.

Cruise was asked about his conversation with Charlie Neal reference Jimmy. Cruise said that Neal told him that Jimmy was not happy with him because he had heard about the incident involving Linda. Cruise said that told Neal that he **"goofed up"** and gave up his informant. Cruise was asked if he had done this intentionally. Cruise said **"no".**

Cruise said that he had learned his lesson and he knew that he did wrong. Cruise said that he needed to control what he says and how he says it. Cruise said that he will be more careful in the future.
Cruise's interview was then concluded.

3          Exhibit -1

# UNITED STATES
# WESTERN DIVISION
# AUSTIN, TEXAS

## Affadavit of Phyllis Feagin

I having been duly sworn, deposes and state the following information:

I am over the age of 21 years.

I reside at 7500 Mowinkle Drive, Austin, Texas 78736. I was and am married to Jim D. Feagin who is currently incarcerated in Terre Haute Indiana USP.

I declare, under penalty of perjury that:

During my marriage with Jim D. Feagin, it was clear that he was suffering from

alcoholism. There were many lapses of time where I did not see him or hear from him.

He drank Vodka daily.

_Phyllis Feagin_ December 9, 2011



JAMES N. SYLVESTER
Chief Deputy

# GREG HAMILTON

**TRAVIS COUNTY SHERIFF**
P.O. Box 1748
Austin, Texas 78767
(512) 854-9770
www.tcsheriff.org

DARREN LONG
Major – Corrections

SCOTT BURROUGHS
Major – Law Enforcement

MARK SAWA
Major - Administration & Support

## MEMORANDUM

10-20-08

**To:**    Internal Affairs

**From:**  Capt. P. Clair #685

**Re:**    Citizen Complaint / Primary

On 10-17-08 at approximately 2:30pm I contacted Phyllis Feagan 239-8766 regarding a complaint on one of our officers. She reported that her husband Jimmy Feagan, an informant for Deputy Charlie Neal had his "cover blown" by Deputy Mark Cruise. Ms. Feagan related that her husband is currently in DVCC. She said she was told by Linda Heartner (699-6225  11930 Loomis 78738 ); that Deputy Cruise told Linda that her son Matt Heartner  (25 yoa)  might want to "watch it, because Jimmy gives information to the police." Ms. Feagan said Ms. Heartner would provide information to TCSO if contacted. Ms. Feagan expressed concern for her own safety and the safety of her husband. Phyllis Feagan told me she had advised Charlie Neal about the problem and he was upset about it.

I immediately contacted Deputy Neal and he confirmed that in fact he had been told of this, and he confronted Deputy Cruise as soon as he learned about it. He said Deputy Cruise admitted that he "let it slip" and did not know what he was thinking. I instructed Neal to write a memorandum which I have included with this memorandum. It appears from Neal's documentation that the incident occurred in mid September, 2008.

I learned on 10-20-08 that Deputy Cruise is actually the officer who referred Feagan to Charlie Neal to work as an informant.

Exhibit - B-3



# GREG HAMILTON

JAMES N. SYLVESTER
Chief Deputy

SCOTT BURROUGHS
Major – Law Enforcement

DARREN LONG
Major – Corrections

Mark Sawa
Major – Administration & Support

TRAVIS COUNTY SHERIFF
P.O. Box 1748
Austin, Texas 78767
(512) 854-9770
www.tcsheriff.org

# CONFIDENTIAL

**DATE:** November 19, 2008

**TO:** James Sylvester #499, Chief Deputy

**FROM:** Alberto Luna #744, Investigator *OL*
Internal Affairs

**SUBJECT:** IA Case No. 2008-070

**Allegation:**

It is alleged that **Sr. Deputy Mark Cruise #689** on or about **September, 2008,** informed Linda Heartner that a subject identified Jimmy Feagan was an informant for the Travis County Sheriff's Office.

**Investigation:**

On **October 21, 2008,** I was informed by Sgt. S. Jones #240 about a memorandum that was prepared by **Captain P. Clair #685.** The following is Captain Clair's memorandum:

*On 10-17-08 at approximately 2:30pm I contacted Phyllis Feagan 239-8766 regarding a complaint on one of our officers. She reported that her husband Jimmy Feagan, an informant for Deputy Charlie Neal had his "cover blown" by Deputy Mark Cruise. Ms. Feagan related that her husband is currently in DVCC. She said she was told by Linda Heartner (699-6225 11930 Loomis 78738 ); that Deputy Cruise told Linda that her son Matt Heartner (25 yoa) might want to "watch it, because Jimmy gives information to the police." Ms. Feagan said Ms. Heartner would provide information to TCSO if contacted. Ms. Feagan expressed concern for her own "safety" and the safety of her husband. Phyllis Feagan told me she had advised Charlie Neal about the problem and he was upset about it.*

1



EXHIBIT
B 6

# UNITED STATES
## WESTERN DIVISION
## AUSTIN, TEXAS

Affadavit of PAMELA Motley

I having been duly sworn, deposes and state the following information:

I am over the age of 21 years.

I reside at 8414 Bowling Green Drive .

I declare, under penalty of perjury that:

Jim D. Feagin is a friend of mine. I know for a fact that he drank vodka every day and is

suffering from alcoholism.

_Pamela Motley_

December 9, 2011

1

1      UNITED STATES DISTRICT COURT
       WESTERN DISTRICT OF TEXAS
2        AUSTIN DIVISION

3

  UNITED STATES OF AMERICA,  )  CRIMINAL ACTION NO.
4    Plaintiff,    )  A-09-CR-018(1) LY
            )
5  VS.         )  Austin, Texas
            )  February 17, 2009
6  JIM D. FEAGIN,     )
    Defendant.    )

7        *-*-*-*-*-*-*-*-*-*

8

     TRANSCRIPT OF REARRAIGNMENT AND PLEA
9    BEFORE THE HONORABLE ANDREW W. AUSTIN
      UNITED STATES MAGISTRATE JUDGE

10

11 **APPEARANCES:**

12 **For the Government:**    Ms. Michelle Fernald
            Assistant US Attorney
13           816 Congress Avenue
            Suite 1000
14           Austin, Texas 78701

15 **For the Defendant:**    Mr. William Ibbotson
            Asst. Federal Public Defender
16           800 Brazos
            Suite 490
17           Austin, Texas 78701

18 **Transcriber:**      Ms. Kathy Carroll, CSR
            200 W. 8th Street
19           Austin, Texas 78701
            (512) 916-5143

20

21

22        COPY

23

24

  (Proceedings recorded by electrical digital sound recording,
25 transcript produced by computer)

    KATHY CARROLL, OFFICIAL COURT REPORTER
   UNITED STATES DISTRICT COURT (512) 916-5143

*Exhibit-7*

24

1   Q.   Ms. Barton, had you ever met directly with the Travis County

2   Sheriff about this stuff?

3   A.   Yes, I did.

4   Q.   When was that?

5   A.   That was in -- it was probably around the second or third

6   week of October, I would believe.

7   Q.   Of 2008?

8   A.   Of 2008, yes.

9   Q.   Okay.  And what was your purpose in meeting with -- that's

10   Greg Hamilton; correct?

11   A.   Yes, ma'am.

12   Q.   What was your purpose in meeting with Sheriff Hamilton?

13   A.   Well, because we had been very frustrated by the lack of

14   responsiveness on the part of the sheriff's department and the

15   deputies, I requested a meeting with him, which was facilitated

16   by then County Commissioner Gerald Daughtery, and he arranged for

17   us to have a sit-down meeting with Sheriff Hamilton.  And

18   essentially what I wanted from Sheriff Hamilton was assurance

19   that they wouldn't intercede on his behalf to get charges dropped

20   or lessened or whatever because of the fact that he was an

21   informant, and the sheriff told me that they hadn't worked with

22   him in several months.  He did acknowledge that yes indeed he had

23   been an informant, but they were no longer using him and that

24   they were not going to intercede or try and negotiate a deal on

25   his behalf.

AFTER 28 YEARS

KATHY CARROLL, OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT   (512) 916-5143

EXHIBIT - 8

Case 1:11-cv-00702-LY-AWA   Document 1-4   Filed 08/15/11   Page 22 of 22
Case 1:11-cv-00702-LY-AWA   Document 17   Filed 12/06/11   Page 16 of 16
Case: 1:09-cr-00018-LY   As of: 10/04/2011 11:36 AM CDT   2 of 4

816 Congress Ave.
Suite 1000
Austin, TX 78701
(512) 916–5858
Fax: 512/916–5854
Email: ashley.hoff@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/20/2009 | 1 | INDICTMENT (Redacted Version) with Notice of Forfeiture included as to Jim D. Feagin. Unredacted document sealed pursuant to E–Government Act of 2002 as to Jim D. Feagin (1) count(s) 1. (Attachments: # 1 Personal Data Sheet) (td, ) (Entered: 01/20/2009) |
| 01/20/2009 | 4 | ORDER FOR ISSUANCE OF Bench Warrant as to Jim D. Feagin. Signed by Judge Andrew W. Austin. (td) (Entered: 01/26/2009) |
| 01/20/2009 | 5 | Bench Warrant Issued as to Jim D. Feagin. (td) (Entered: 01/26/2009) |
| 01/23/2009 | 2 | MOTION to Detain Defendant without Bond by USA as to Jim D. Feagin. (Hoff, Ashley) (Entered: 01/23/2009) |
| 01/23/2009 | 3 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER William H. Ibbotson for Jim D. Feagin. Signed by Judge Andrew W. Austin. (td) (Entered: 01/26/2009) |
| 01/23/2009 | | Arrest of Jim D. Feagin (td) (Entered: 01/26/2009) |
| 01/23/2009 | 6 | Minute Entry for proceedings held before Judge Andrew W. Austin:Initial Appearance as to Jim D. Feagin held on 1/23/2009 (Minute entry documents are not available electronically.) (Court Reporter cro.) (td) (Entered: 01/26/2009) |
| 01/23/2009 | 7 | ORDER re: Financial Status as to Jim D. Feagin. Signed by Judge Andrew W. Austin. (td) (Entered: 01/26/2009) |
| 01/23/2009 | 8 | ORDER OF TEMPORARY DETENTION: as to Jim D. Feagin Detention Hearing set for 1/28/2009 10:00 AM before Judge Robert Pitman.. Signed by Judge Andrew W. Austin. (td) (Entered: 01/26/2009) |
| 01/23/2009 | 9 | NOTICE OF HEARING as to Jim D. Feagin Arraignment set for 1/28/2009 10:00 AM before Judge Robert Pitman. (td) (Entered: 01/26/2009) |
| 01/26/2009 | 10 | Bench Warrant Returned Executed on 1/22/09 &Transported to USMS on 1/23/09 as to Jim D. Feagin. (td) (Entered: 01/26/2009) |
| 01/26/2009 | 11 | NOTICE OF HEARING as to Jim D. Feagin Arraignment/Detention Hearing set for 1/28/2009 09:30 AM before Judge Robert Pitman. (td) (Entered: 01/27/2009) |
| 01/28/2009 | 12 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Jim D. Feagin (td) (Entered: 01/28/2009) |
| 01/28/2009 | 13 | Minute Entry for proceedings held before Judge Robert Pitman:Arraignment/Detention Hearing as to Jim D. Feagin held on 1/28/2009 (Minute entry documents are not available electronically.) (Court Reporter FTR Gold – ERO.) (td) (Entered: 01/28/2009) |
| 01/28/2009 | 14 | WITNESS/EXHIBIT LIST re: Detention Hearing as to Jim D. Feagin (td) (Entered: 01/28/2009) |
| 01/28/2009 | 15 | ORDER as to Jim D. Feagin, All Pending Pretrial Motions and Docket Call set for 3/20/2009 09:00 AM before Judge Lee Yeakel. Signed by Judge Lee Yeakel. (td) (Entered: 01/28/2009) |
| 01/28/2009 | 16 | ORDER as to Jim D. Feagin, Jury Selection and Trial set for 4/6/2009 09:00 AM before Judge Lee Yeakel. Signed by Judge Lee Yeakel. (td) (Entered: 01/28/2009) |
| 01/29/2009 | 17 | ORDER OF DETENTION: as to Jim D. Feagin. Signed by Judge Robert Pitman. (td) (Entered: 01/29/2009) |



*Exhibit-9*