IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JIM D. FEAGIN #18421-280,<br>        Plaintiff, | §§§§ | |
| v. | §§ | A-11-CA-702-LY |
| TRAVIS COUNTY SHERIFF'S OFFICE, SHERIFF GREG HAMILTON, and DEPUTY MARK CRUISE,<br>        Defendants. | §§§§§ | |

SECOND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Second Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Jim D. Feagin's Second Amended Complaint (Document 32), Defendants' Motion to Dismiss (Document 35), and Feagin's Response (Document 40). Feagin, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

On August 15, 2011, Feagin filed his original complaint pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment rights had been violated by the disclosure of his confidential informant status. Orig. Compl. (Document 1). At the time he filed the complaint, Feagin was

confined in the Terre Haute penitentiary.[1]  Feagin was subsequently transferred to FCI Pekin in Illinois, where he is currently located.

The undersigned previously recommended that Feagin's original complaint be dismissed sua sponte as time-barred. *See* Report & Rec. of U.S. Mag. Judge (Sept. 29, 2011) (Document 7). In Feagin's objection to the Report and Recommendation, he raised the issue of tolling the limitations period, based on two asserted disabilities. Obj. to Report & Rec. at 2 (Oct. 20, 2011) (Document 12). Feagin first argued that imprisonment under Texas law is considered a disability, and second, asserted "servere [sic] heart and mental depression for the past two years." *Id.* After review of the Report and Recommendation, the District Court rejected the recommendation and referred the case again to the undersigned "for report and recommendation as to whether Plaintiff raises a fact issue, which, if proved, would allow limitations to be tolled." Order (Nov. 29, 2011) (Document 14). Feagin has now filed a Second Amended Complaint. 2d Am. Compl. (Document 32).[2]

In his Second Amended Complaint, Feagin sues Sheriff Greg Hamilton and Deputy Mark Cruise of the Travis County Sheriff's Department (TCSO) and alleges that Cruise and Hamilton knowingly and intentionally labeled him as an informant in 2008, knowingly endangering his safety.

---

[1] Feagin pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). *See* Judgment, *United States v. Feagin*, No. 09-CR-18-LY (W.D. Tex. Apr. 27, 2009). Feagin was sentenced to sixty months of confinement, followed by a three-year term of supervised release. *Id.*

[2] Feagin's wife filed a First Amended Complaint on December 6, 2011. 1st Am. Compl. (Document 21). After the Court issued an order stating that Feagin's wife was not permitted to practice law on his behalf and directing the Clerk of the Court to forward the complaint to Feagin to permit him to sign and return it to the Court if he chose to do so, Order (Dec. 27, 2011) (Document 22), Feagin moved to file a Second Amended Complaint, Mot. for Leave to File 2d Am. Compl. (Feb. 2, 2012) (Document 25), which the Court granted, Order (Apr. 25, 2012) (Document 31).

*Id.* at 2, 6.  Feagin also sues the TCSO, complaining that the TCSO failed to properly train its employees in the area of prisoners' constitutional rights to be kept free from harm, and ignored Cruise's conduct and history of disciplinary problems.  *Id.* at 5.  He seeks a declaratory judgment, an award of $3,500,000.00, court costs, and attorney fees.[3]  *Id.* at 8.

As in his original complaint, Feagin alleges Cruise exposed him as an informant for the TCSO.  Orig. Compl. at 2-3; 2d Am. Compl. at 2-6.  In his original complaint, Feagin alleged that on or about September 17, 2008, Feagin notified TCSO Deputy Charlie Neal that Cruise had informed a civilian that Feagin functioned as an informant for the TCSO.  Orig. Compl. at 2.  He also alleged that on or about November 26, 2008, Cruise admitted to disclosing Feagin's informant status during the TCSO administrative review of the complaint.  *Id.* at 3 & Ex. 5.  Feagin further alleged that during the third week of October 2008, Hamilton stated to a neighbor of Feagin's that Feagin was indeed an informant for the TCSO.  *Id.* at 3 & Ex. 4.

Feagin re-alleges his contention against Cruise, but now alleges in his Second Amended Complaint that it was not until December of 2011 that he discovered the name of the disclosing deputy was Cruise.  2d Am. Compl. at 2.  Feagin, however, also alleges that Cruise's disclosure to his neighbor was the second time Cruise exposed him as an informant and that in September 2008, Feagin notified Deputy Charlie Neal that Cruise had revealed his informant status to a civilian.  *Id.*

---

[3] In his Second Amended Complaint, Feagin also added as a defendant Counselor Melendez of the U.S. Penitentiary in Victorville, California.  Feagin's claims against Counselor Melendez were severed from this action on May 1, 2012.  *See Feagin v. Melendez*, No. A-12-CV-391-LY.  The new case was then transferred to the Eastern Division of the Central District of California on May 7, 2012.  Accordingly, this Second Report and Recommendation does not address the claims brought against Melendez.

3

at 2-3.  Feagin asserts that he needed the transcript of his detention hearing to learn the name of the deputy, but could not obtain a copy until February 16, 2010.  *Id.* at 3.

In the Second Amended Complaint, Feagin also repeats his allegation against Hamilton but alleges he was not able to ascertain if Hamilton had done wrong until he obtained a copy of the transcript of his January 28, 2008 detention hearing in which Hamilton's meeting with his neighbor was discussed, which he was unable to do until February 16, 2010.  *Id.* at 3.  Feagin does not allege that he did not attend that detention hearing.[4]

Feagin was transferred to the U.S. Penitentiary at Victorville, California in July 2009.  *Id.* at 3.  Feagin alleges that while committed at that facility, he informed Counselor Melendez that Aryan Brotherhood gang members were spreading rumors that Feagin was an informant for the TCSO.  *Id.*  Feagin alleges that on August 10, 2009, he was stabbed and kicked in the mouth and ribs by the Aryan Brotherhood, causing a concussion, fractured eye socket, and his jaw to break in two places.  *Id.* at 4.  According to Feagin, he was assaulted by a member of the Aryan Brotherhood gang, who stated to Feagin, "Words follow you snitch.  You cannot hide, we knew about you weeks before you got here.  A deputy and Sheriff said you were a rat."  *Id.*  Feagin alleges he was later told by an inmate in segregation that inmates from the Austin area knew about Hamilton and Cruise's statements regarding his informant status.  *Id.*

Attached to Feagin's Second Amended Complaint are excerpts from Feagin's detention hearing in which witnesses testified regarding the timing and nature of Hamilton's statements regarding Feagin's informant status.

---

[4]Feagin does not include in his Second Amended Complaint the two grounds for tolling asserted in his objection to the original Report and Recommendation.

4

Cruise and Hamilton move to dismiss Feagin's Second Amended Complaint as time-barred. *See* Defs.' Mot. to Dismiss Pl.'s Am. Compl. Pursuant to Rule 12(b)(6) (Document 35).

## DISCUSSION

**A.     Standard Under Rule 12(b)(6)**

When a complaint fails to state a legally cognizable claim, a motion for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is appropriate. When evaluating such a motion, the complaint must be liberally construed in favor of the plaintiff and all pleaded facts must be taken as true. *See, e.g., Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Generally, a court ruling on a Rule 12(b)(6) motion considers the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take proper judicial notice. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," the Supreme Court has recognized that Rule 8 must be read in conjunction with Rule 12(b)(6), which demands more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion [s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557, 127 S. Ct. 1955, 1965-66 (2007). As a result, a complaint must contain sufficient factual assertions, which if accepted as true, "state a claim to relief that is plausible on its face." *Id.* at 570, 127 S. Ct. at 1974.

This plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009). The standard is properly guided by "[t]wo working principles." *Id.* First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" is "inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949-50. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, in considering a motion to dismiss, a court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, and then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting FED. R. CIV. P. 8(a)(2)). Even after *Twombly*, however, courts remain obligated to construe a pro se complaint liberally. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007).

**B.    TCSO**

Feagin's second amended complaint added the TCSO as a defendant. TCSO is not a legal entity capable of being sued and is not a proper defendant. *See, e.g., Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). As a result, service has not been ordered and the Court should dismiss TCSO from this lawsuit.

## C. Statute of Limitations

### 1. Parties' Arguments

Hamilton and Cruise argue that the applicable two-year limitations period bars Feagin's § 1983 claim. Mot. to Dismiss at 5-6. They contend that Feagin learned that his status as an informant had been compromised by the third week of October 2008 at the latest, and thus the statute of limitations required Feagin's claim to be filed by the third week of October 2010. *Id.* Because, they argue, Feagin did not file until more than a year after the limitations period expired, and neither of Feagin's potential tolling grounds of health problems and imprisonment are available as a matter of law, his lawsuit should be dismissed. *Id.* at 6-7. Lastly, they assert that the Court should disregard Feagin's assertion in his Second Amended Complaint that he did not learn of Cruise's identity until December of 2011 because it is contradicted by his prior assertions in his original complaint and by exhibits to the Original Complaint and the Second Amended Complaint. *Id.* at 7-9.

Feagin contends that he was not aware of the identity of the particular deputy that disclosed he was an informant to a civilian, his neighbor, because when these matters were addressed at his January 28, 2009 detention hearing, the witnesses did not testify about the name of the deputy, but just that a deputy had disclosed Feagin's informant status to them. Resp. at 1-2. Feagin asserts that he did not learn the deputy's identity until January of 2011. *Id.* at 2. Feagin counters the defendants' argument that he was aware that Cruise disclosed his informant status to civilians by asserting that he only *assumed* that Cruise was the disclosing deputy because he knew Cruise had already disclosed his informant status three weeks earlier, in September 2008, to another civilian. Resp. at 2; *see also* 2d Am. Compl. at 5, 8 & Ex. 5.

Feagin also contends that Hamilton disclosed his informant status to his same neighbors about the second or third week of October 2008. Resp. at 2. He offers that he could not obtain a copy of the transcript of his detention hearing at which Hamilton's disclosures were addressed until February 16, 2010. 2d Am. Compl. at 3.

In the Second Amended Complaint, Feagin does not allege the bases for tolling raised in his objections to the first Report and Recommendation, nor does he argue them in his opposition to the motion to dismiss. Feagin contends that he is not barred by a limitations period because the defendants committed fraud prohibited by 18 U.S.C. § 1001, for which, he asserts, there is no statute of limitations. Resp. at 4. He also asserts in his opposition to the motion to dismiss that he sent many letters to the TCSO trying to learn the identity of the disclosing officer. *Id.* at 5.

Feagin submitted with his Original Complaint and his response to the motion to dismiss copies of the TCSO Personnel Complaint Report (dated October 2008) indicating that Feagin reported in September 2008 that Cruise had informed a civilian Feagin was an informant. *See* Resp. Ex. 5; Orig. Compl. Ex. 5. Feagin also submitted with his response the related TCSO Internal Affairs memo on that complaint (dated November 26, 2008). Response Ex. 13. With the Original Complaint, Feagin included copies of a TCSO internal memo dated October 20, 2008 by Deputy Charlie Neal stating that Feagin advised him the week of September 17, 2008 that Cruise had disclosed his informant status to a citizen and that Cruise acknowledged the remark, as well as a memo dated November 19, 2008 by a TCSO Internal Affairs investigator reviewing the same incident. Orig. Compl. Exs. 1, 2.

8

## 2. Statute of Limitations Bar

Because there is no federal statute of limitations for § 1983 actions, federal courts borrow the forum state's general personal injury limitations period. *See, e.g., Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995). In Texas, the applicable limitations period is two years. *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)). Under federal law, a cause of action accrues when the plaintiff knows of the injury that is the basis of the action. *See, e.g., Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980). Absent a relevant tolling provision, "[u]nder federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski v. City of Houston*, 237 F.3d 456, 576 (5th Cir. 2001) (omitting quotation and brackets).

In this case, Feagin's claim concerns the actions of Hamilton and Cruise in allegedly violating his "individual and prisoner rights to be kept from harm." 2d Am. Compl. at 5.

Feagin alleges that Hamilton revealed his informant status "on or about the 3rd week of October of 2008." *Id.* at 2. Assuming that Hamilton did reveal Feagin's informant status to Feagin's neighbor, a matter in dispute,[5] Feagin was on notice that Hamilton had made statements to Feagin's neighbor regarding his informant status no later than January 28, 2009, when he attended his detention hearing and heard Hamilton's testimony about the conversation. *See* 2d Am. Compl., Ex. 2 at 24. Feagin offers no explanation why he required a copy of the transcript of the hearing in order to learn the content of Hamilton's testimony when he attended the hearing in person and heard

---

[5] Feagin relies on the transcript of his detention hearing to allege that Hamilton revealed his informant status, but the defendants contend that the transcript indicates that Hamilton was merely confirming Feagin's informant status to the neighbor because the neighbor already knew he was an informant. Regardless of who compromised Feagin's status as an informant, the compromise occurred by the third week of October 2008.

Hamilton's testimony. Thus, with regard to a claim against Hamilton, Feagin should have filed suit no later than January 28, 2011.

According to Feagin's allegations, Cruise compromised Feagin's undercover informant status "in August or September of 2008." 2d Am. Compl. at 3. Although Feagin alleges in his Second Amended Complaint that he did not learn Cruise's identity until January 2011, he also admits in the Second Amended Complaint that in September of 2008, he notified TCSO Deputy Charlie Neal that Cruise told an individual Feagin served as an informant for the police. *Id.* Feagin thus admits he knew his status as an informant had been revealed by Cruise in September 2008. His bald assertion in his Second Amended Complaint that he did not learn Cruise's identity until January 2011 conspicuously omits any explanation and is undermined by the allegations in his Second Amdended Complaint and Original Complaint that he reported Cruise's disclosure in September 2008. Feagin's contention that he did not learn Cruise's identity until January of 2011 is also contradicted by the TCSO Personnel Complaint Report dated October 2008 attached to his response to the motion to dismiss and Original Complaint. *See* Resp. Ex. 5; Orig. Compl. Ex. 5; *see also id.*, Ex. 1 (memorandum by Deputy Charlie Neal indicating Feagin told Neal on or about September 17, 2008 that Cruise disclosed Feagin's confidential informant status). Thus, with regard to a claim against Cruise, Feagin should have initiated suit by no later than September 2010.

Feagin's original complaint was docketed on August 15, 2011, *see* Orig. Compl., long after the limitations period passed and more than two years after Cruise and Hamilton allegedly allowed

Feagin's informant status to be known and more than two years after Feagin was attacked. Accordingly, Feagin's complaint is time-barred.[6]

## RECOMMENDATION

It is therefore recommended that Defendants' Motion to Dismiss [#35] be granted, TCSO be dismissed from this lawsuit, and Feagin's Second Amended Complaint [#32] be dismissed with prejudice as time-barred.

It is further recommended that Feagin be warned that if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

For this reason, in the event this Report and Recommendation is accepted, adopted, or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

---

[6] In his Second Amended Complaint. Feagin does not allege the grounds for tolling referenced in his objection to the first Report and Recommendation (imprisonment and "servere [sic] heart and mental depression for the past two years"), nor does he pursue them in his response to the defendants' motion to dismiss. *See* Obj. to Report & Rec. at 2. Even if these grounds for tolling were raised and considered, they are foreclosed as a matter of law in this case.

Although federal law determines when an action accrues, the federal courts apply the statute of limitations of the forum state and "that state's tolling provisions are to be the 'primary guide' for the courts." *Piotrowski*, 51 F.3d at 576. Texas law does not provide a basis to toll the statute of limitations in this case. First, "imprisonment does not toll limitations." *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998); *Ali v. Higgs*, 892 F.2d 438, 439 (5th Cir. 1990). Second, even if the "mental depression" and cardiac problems referenced by Feagin occurred, neither depression nor a short hospital stay qualify as a disability under Texas law. *See, e.g., Hargraves v. Armco Foods*, 894 S.W. 2d 546, 547-48 (Tex. App.–Austin 1995, no writ); *see also, e.g., Grace v. Colorito*, 4 S.W.3d 765, 769 (Tex. App.–Austin 1999, pet. denied) (explaining plaintiff's responsibility to "produce specific evidence that would enable the court to conclude that [he] did not have the mental capacity to pursue litigation for a definite period of time").

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *See Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 26th day of October, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE